E-FILED
Thursday, 23 April, 2026  02:58:36 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS' LOCAL NO. 1 WELFARE TRUST FUND | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| ACCURATE HEATING & COOLING, LLC, and BRANDON ANDREWS | ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

NOW COMES plaintiff, SHEET METAL WORKERS' LOCAL NO. 1 WELFARE TRUST FUND, by their attorneys, CAVANAGH & O'HARA LLP, complaining of the defendants, ACCURATE HEATING & COOLING, LLC and BRANDON ANDREWS, and allege as follows:

## INTRODUCTION

1.      This civil action is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq. ("ERISA"), the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §141 et seq. ("LMRA"), and federal common law.

2.      Plaintiff seeks to recover delinquent fringe benefit contributions that Defendant Accurate Heating & Cooling, LLC ("Accurate Heating & Cooling") is obligated to remit pursuant to the applicable collective bargaining agreements and the Plaintiff's Trust Agreements, together with liquidated damages, interest, attorneys' fees, and costs.

3.      Plaintiff also seeks recovery of amounts due under a promissory note executed by Accurate Heating & Cooling and Brandon Andrews ("Andrews").

## PARTIES

4.      Plaintiff, SHEET METAL WORKERS' LOCAL NO. 1 WELFARE TRUST FUND, is a multiemployer benefit plan that provides welfare, health and other benefits to the employees of participating employers.

5.      ACCURATE HEATING & COOLING, LLC is an Illinois limited liability company registered to do business in Illinois, with a principal place of business in East Peoria, Illinois.

6.      BRANDON ANDREWS is an individual residing in Washington, Illinois.

## JURISDICTION

7.      This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of the ERISA, 29 U.S.C. §1132(e)(1), which vests federal district courts with exclusive jurisdiction over civil actions brought by fiduciaries of employee benefit plans to enforce the provisions of ERISA or the terms of the plans.

8.      This Court has subject matter jurisdiction pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185(a), which grants federal district courts jurisdiction over suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce, regardless of the amount in controversy or the citizenship of the parties.

9.      To the extent this Complaint asserts any state law claims, this Court has supplemental jurisdiction over such claims pursuant to 28 U.S.C. §1367(a), as they form part of the same case or controversy as the federal claims alleged herein.

10.      This Court has personal jurisdiction over ACCURATE HEATING & COOLING, LLC because it maintains its principal place of business in East Peoria, Illinois, which is in Tazwell

County, Illinois, and therefore is subject to general jurisdiction in this District.

11.   This Court has personal jurisdiction over BRANDON ANDREWS because it maintains its principal place of business in Washington, Illinois, which is in Tazwell County, Illinois, and therefore is subject to general jurisdiction in this District.

## VENUE

12.   Venue for civil cases like the present case is proper in a federal district court where the breach took place, where a defendant resides or may be found, or where the employee benefit plan is administered.   *See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

13.   Venue is proper in this court because the principal place of business of ACCURATE HEATING & COOLING, LLC is in East Peoria, Illinois, which is in Tazwell County, Illinois, which is located within the venue of the District Court for the Central District of Illinois, Peoria Division.

14.   Venue is proper in this court because BRANDON ANDREWS resides in Washington, Illinois, which is in Tazwell County, Illinois, which is located within the venue of the District Court for the Central District of Illinois, Peoria Division

## FACTUAL ALLEGATIONS

15.   Plaintiff receives contributions from multiple employers, and therefore, is a multiemployer plan. (*See* 29 U.S.C. §1002).

16.   Plaintiff is administered pursuant to the terms and provisions of an agreement and declaration of trust, as amended and restated (the "Trust Agreement").

17.   A copy of pertinent provisions of the Trust Agreement is attached hereto as Exhibit "A" and fully incorporated herein and made a part hereof by this reference.

18.   Accurate Heating & Cooling is an "Employer" engaged in an industry within the

meaning of 29 U.S.C. §§1002 (5), (11), (12) and (14).

19.    Accurate Heating & Cooling is a party to or otherwise bound by collective bargaining agreement titled "Agreement between Sheet Metal Workers' International Association Local Union No. 1 and Central Illinois Chapter of SMACNA, Inc. effective May 1, 2012 through April 30, 2017, and each successor agreement including without limitation the agreement effective May 1, 2022 through April 30, 2027 (the "Collective Bargaining Agreement").

20.    A copy of the Collective Bargaining Agreement effective May 1, 2012 through April 30, 2017 is attached hereto as Exhibit "B" and fully incorporated herein and made a part hereof by this reference.

21.    A copy of the Collective Bargaining Agreement effective May 1, 2022 through April 30, 2027 is attached hereto as Exhibit "C" and fully incorporated herein and made a part hereof by this reference.

22.    Accurate Heating & Cooling employs individuals who are members of, and represented by, Local Union No. 1 of the International Association of Sheet Metal, Air, Rail, and Transportation Workers ("Local Union No. 1").

23.    Accurate Heating & Cooling employs individuals who are participants in the employee benefit plans administered by plaintiff pursuant to the Collective Bargaining Agreement.

24.    Accurate Heating & Cooling is required under the Collective Bargaining Agreement and Trust Agreement to pay contributions to plaintiff for hours of work covered under the Collective Bargaining Agreement that are performed by its employees each month.

25.    Pursuant §1145 of ERISA, Accurate Heating & Cooling is required to pay fringe benefit contributions to the plaintiff in accordance with the terms and conditions of the Trust Agreement.  *See* 29 U.S.C. §1145.

26. Accurate Heating & Cooling is required under the Collective Bargaining Agreement and Trust Agreement to prepare and submit completed contribution reporting forms to the plaintiffs each month which provide the information needed in order to accurately assess the contributions and other amounts due and payable by defendant to the plaintiffs ("Monthly Reports").

27. Accurate Heating & Cooling is required under the Collective Bargaining Agreement and Trust Agreement to prepare and submit completed monthly reports, along with the appropriate payments, to the plaintiffs on or before the 20th day of the calendar month following the month in which the contributions and other amounts accrued ("Monthly Reports").

28. If Accurate Heating & Cooling fails to remit the Monthly Reports with the appropriate payments by the 20th day of each month, then defendant is delinquent in reporting information and paying contributions to plaintiff.

## COUNT I

### Failure to Remit Monthly Reports - Delinquent Contributions
**(Accurate Heating & Cooling)**

1-28. Paragraphs 1 through 28 are re-asserted and re-alleged as and for paragraphs 1 through 28 of count I as if fully set forth herein.

29. Accurate Heating & Cooling performed work during the months of October and November of 2025, which required contributions to be paid to the plaintiff.

30. Accurate Heating & Cooling failed to timely remit Monthly Reports with appropriate contribution payments for the months of October and November of 2025.

31. Accurate Heating & Cooling owes plaintiffs contributions for hours of work performed by its employees for the months of October and November of 2025.

32. Accurate Heating & Cooling breached the provisions of the Collective Bargaining

Agreement and Trust Agreement by failing to timely report information and paying contributions to plaintiff for work performed by its employees during the months of October and November of 2025.

33.    Pursuant to the Trust Agreement, Accurate Heating & Cooling owes liquidated damages equal to 20% of the delinquent contributions attributable to work performed by its employees during the months of October and November of 2025.

34.    Pursuant to the Trust Agreement, Accurate Heating & Cooling owes interest at a rate of eighteen percent (18%) per annum, which continues to accrue until paid, on delinquent contributions attributable to work performed by its employees during the months of October and November of 2025.

35.    Pursuant to Trust Agreement, Accurate Heating & Cooling is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by the plaintiff in the collection of delinquent contributions.

WHEREFORE, plaintiff prays as follows:

A.    That defendant, ACCURATE HEATING & COOLING, LLC, is ordered to remit to plaintiff, SHEET METAL WORKERS' LOCAL NO. 1 WELFARE TRUST FUND, within 30 days of the date such order is entered, the Monthly Reports for October and November of 2025;

B.    That plaintiff, SHEET METAL WORKERS' LOCAL NO. 1 WELFARE TRUST FUND, is granted leave of Court to file supplemental proofs establishing the judgment sum for contributions determined to be due and owing for months of October and November of 2025, together with liquidated damages, interest, and attorneys' fees and costs to which plaintiff is entitled pursuant to the Trust Agreement, Collective Bargaining Agreement and ERISA;

C.    That judgment is entered in favor of plaintiff, SHEET METAL WORKERS'

LOCAL NO. 1 WELFARE TRUST FUND, and against defendant, ACCURATE HEATING & COOLING, LLC, for the contributions, together with liquidated damages and interest, determined to be owed to plaintiff for the months of October and November of 2025;

D.      That defendant, ACCURATE HEATING & COOLING, LLC is decreed to pay to the plaintiff its reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

E.      That defendant, ACCURATE HEATING & COOLING, LLC, is decreed to pay all costs attendant to these proceedings; and

F.      That the plaintiff is awarded such further and other relief as may be available under ERISA, the Trust Agreement, the Collective Bargaining Agreement, or as is otherwise just and equitable.

## COUNT II

### Liquidated Damages
**(Accurate Heating & Cooling)**

1-28.   Paragraphs 1 through 28 are re-asserted and re-alleged as and for paragraphs 1 through 28 of count II as if fully set forth herein.

29.     Accurate Heating & Cooling failed to timely remit Monthly Reports with appropriate payments for the months of August and September of 2025.

30.     Accurate Heating & Cooling breached the provisions of the Collective Bargaining Agreement and Trust Agreement by failing to timely report information and paying contributions to plaintiff for work performed by its employees during the months of August and September 2025.

31.     Pursuant to the Trust Agreement, Accurate Heating & Cooling owes liquidated damages equal to 20% of the delinquent contributions attributable to work performed by its employees during the months of August and September 2025.

32.     Pursuant to the Trust Agreement, Accurate Heating & Cooling owes interest at a rate of eighteen percent (18%) per annum, which continues to accrue until paid, on delinquent contributions attributable to work performed by its employees during the months of August and September 2025.

33.     Accurate Heating & Cooling owes a total of $7,274.76 for liquidated damages and interest assessed on delinquent contributions attributable to work performed by its employees during the months of August and September 2025.

34.     A summary prepared by the plaintiff detaining the liquidated damages and interest assessed on delinquent contributions attributable to work performed by its employees during the months of August and September 2026, is attached hereto as Exhibit "D" and fully incorporated herein and made a part hereof by this reference.

35.     Plaintiff has demanded that Accurate Heating & Cooling pay plaintiff the liquidated damages and interest assessed on delinquent contributions attributable to work performed by its employees during the months of August and September 2025, but Accurate Heating & Cooling has refused or otherwise failed to pay plaintiff such amounts.

36.     Pursuant to Trust Agreement, Accurate Heating & Cooling is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by the plaintiff in the collection of delinquent contributions.

WHEREFORE, plaintiffs pray as follows:

A.     That judgment is entered in favor of plaintiff, SHEET METAL WORKERS' LOCAL NO. 1 WELFARE TRUST FUND, and against defendant, ACCURATE HEATING & COOLING, LLC, in the sum of $7,274.76;

B.     That defendant, ACCURATE HEATING & COOLING, LLC is decreed to pay to

the plaintiff its reasonable attorneys' fees and costs, as provided by ERISA (29 U.S.C. Section 1132(g)(2));

C.        That defendant, ACCURATE HEATING & COOLING, LLC, is decreed to pay all costs attendant to these proceedings; and

D.        That the plaintiff us awarded such further and other relief as may be available under ERISA, the Trust Agreement, the Collective Bargaining Agreement, or as is otherwise just and equitable.

## COUNT III

### Delinquent Contributions – Breach of Promissory Note
### (Accurate Heating & Cooling and Brandon Andrews)

1-28.    Paragraphs 1 through 28 are re-asserted and re-alleged as and for paragraphs 1 through 28 of count III as if fully set forth herein.

29.      Accurate Heating & Cooling and Brandon Andrews, individually, gave plaintiff a promissory note, as amended, in the principal amount of $89,320.97 (the "Promissory Note").

30.      A true and accurate copy of the Promissory Note is attached hereto as Exhibit "E" and fully incorporated herein and made a part hereof by this reference.

31.      The Promissory Note was not used in a consumer transaction.

32.      Pursuant to the Promissory Note, Accurate Heating & Cooling and Brandon Andrews, individually, are jointly and severally obligated to pay plaintiff the principal sum of $89,320.97.

33.      Pursuant to the Promissory Note, Accurate Heating & Cooling and Brandon Andrews, individually, promised to pay the principal sum in installments and to pay interest at a rate of 9% per annum.

34.      Pursuant to the Promissory Note, Accurate Heating & Cooling and Brandon

Andrews, individually, were required to make monthly installment payments commencing with an initial payment due on or before February 1, 2023, and a final payment on or before January 1, 2026.

35.    Accurate Heating & Cooling and Brandon Andrews, individually, have failed to make all installment payments required under the promissory note, including the payments that were due on or before July 1, 2025, August 1, 2025, September 1, 2025, October 1, 2025, November 1, 2025, December 1, 2025 and January 1, 2026.

36.    The principal amounts due under the Promissory Note includes delinquent contributions owed by Accurate Heating & Cooling to the plaintiffs under the Collective Bargaining Agreement and Trust Agreement, and pursuant to applicable provisions of ERISA.

37.    Accurate Heating & Cooling and Brandon Andrews, individually, breached the provisions of, and are in default under, the Promissory Note as a result of failing to make the installment payments required under the promissory note for the months of July, 2025 through January, 2026.

38.    The plaintiff gave notice of default to Accurate Heating & Cooling and Brandon Andrews, individually, and declared the entire unpaid principal balance plus interest immediately due and payable without notice.

39.    Accurate Heating & Cooling and Brandon Andrews, individually, owe the unpaid principal balance of $19,299.37 under the Promissory Note attributable to the installment payments for July 2025 through January 2026.

40.    Accurate Heating & Cooling and Brandon Andrews, individually, owe $583.32 of interest under the Promissory Note attributable to the installment payments for July 2025 through January 2026, if such payments had been made timely.

41.     Accurate Heating & Cooling and Brandon Andrews, individually, owe $994.52 of additional interest under the Promissory Note attributable to the installment payments for July 2025 through January 2026, from the original due date of such payments through April 22, 2026.

42.     A summary prepared by the plaintiff detailing the additional interest due under the Promissory Note attributable to the installment payments for July 2025 through January 2026, from the original due date of such payments through the date of filing of this action, is attached hereto as Exhibit "F" and fully incorporated herein and made a part hereof by this reference.

43.     Accurate Heating & Cooling and Brandon Andrews, individually, are entitled to a credit of $170.20 against interest owed under the Promissory Note attributable to a previous interest payment.

44.     Pursuant to the Promissory Note, Accurate Heating & Cooling and Brandon Andrews, individually, are liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by the plaintiff in the collection of amounts owed under the Promissory Note.

WHEREFORE, plaintiffs pray as follows:

A.     That judgment is entered in favor of plaintiff, SHEET METAL WORKERS' LOCAL NO. 1 WELFARE TRUST FUND, and against defendants, ACCURATE HEATING & COOLING, LLC and BRANDON ANDREWS, individually, in the sum of $20,707.01, or whatever other amounts are due and owing under the Promissory Note at the time judgment is entered, including any interest that accrues after April 22, 2026;

B.     That defendants, ACCURATE HEATING & COOLING, LLC and BRANDON ANDREWS, individually, are decreed to pay to the plaintiff, SHEET METAL WORKERS' LOCAL NO. 1 WELFARE TRUST FUND, its reasonable attorneys' fees and costs, as provided by the Promissory Note;

C.       That defendants, ACCURATE HEATING & COOLING, LLC and BRANDON ANDREWS, individually, are decreed to pay all costs attendant to these proceedings; and

D.       That the plaintiff, SHEET METAL WORKERS' LOCAL NO. 1 WELFARE TRUST FUND, is awarded such further and other relief as may be available under ERISA, the Trust Agreement, the Collective Bargaining Agreement, and the Promissory Note or as is otherwise just and equitable.

SHEET METAL WORKERS' LOCAL NO. 1 WELFARE TRUST FUND, plaintiff,

By:      s/ John P. Leahy
JOHN P. LEAHY
CAVANAGH & O'HARA LLP
Attorneys for Plaintiff
2319 W. Jefferson Street
Springfield, IL 62702
(217) 544-1771 – Telephone
(217) 544-9894 – Facsimile
johnleahy@cavanagh-ohara.com