E-FILED
Wednesday, 15 July, 2026  03:56:58 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| SHEET METAL WORKERS' LOCAL NO. 1 WELFARE TRUST FUND, | ) ) ) | CIVIL ACTION |
| *Plaintiffs,* | ) ) | Case No. 1:26-cv-01164 |
| v. | ) ) | |
| ACCURATE HEATING & COOLING, LLC, and BRANDON ANDREWS | ) ) ) ) | |
| *Defendant.* | ) ) | |

**<u>DEFENDANTS' ANSWERS TO PLAINTIFFS' COMPLAINT</u>**

Defendants, ACCURATE HEATING & COOLING, LLC, and BRANDON ANDREWS, by and through their undersigned Counsel, Allocco, Miller & Cahill, P.C., and for their Answers to the Plaintiffs' Complaint state as follows:

1.    This civil action is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq. ("ERISA"), the Labor Management Relations Act of 1974, as amended, 29 U.S.C. §141 et seq. ("LMRA"), and federal common law.

**ANSWER**: Defendants admit the allegations in paragraph 1.

2.    Plaintiff seeks to recover delinquent fringe benefit contributions that Defendant Accurate Heating & Cooling, LLC ("Accurate Heating & Cooling") is obligated to remit pursuant to the applicable collective bargaining agreements and the Plaintiff's Trust Agreements, together with liquidated damages, interest, attorneys' fees, and costs.

**ANSWER**: Defendants admit the allegations in paragraph 2.

3.    Plaintiff also seeks recovery of amounts due under a promissory note

1

executed by Accurate Heating & Cooling and Brandon Andrews ("Andrews").

**ANSWER**: Defendants admit the allegations in paragraph 3.

4.     Plaintiff, SHEET METAL WORKERS' LOCAL NO. 1 WELFARE TRUST FUND, is a multiemployer benefit plan that provides welfare, health and other benefits to the employees of participating employers.

**ANSWER**: Defendants admit the allegations in paragraph 4.

5.     ACCURATE HEATING & COOLING, LLC is an Illinois limited liability company registered to do business in Illinois, with a principal place of business in East Peoria, Illinois.

**ANSWER**: Defendants admit the allegations in paragraph 5.

6.     BRANDON ANDREWS is an individual residing in Washington, Illinois.

**ANSWER**: Defendants admit the allegations in paragraph 6.

## JURISDICTION

7.     This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of the ERISA, 29 U.S.C. §1132(e)(1), which vests federal district courts with exclusive jurisdiction over civil actions brought by fiduciaries of employee benefit plans to enforce the provisions of ERISA or the terms of the plans.

**ANSWER**: Defendants admit the allegations in paragraph 7.

8.     This Court has subject matter jurisdiction pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C §185(a), which grants federal district courts jurisdiction over suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce, regardless of the amount in controversy or the citizenship of the parties.

2

**ANSWER**: Defendants admit the allegations in paragraph 8.

9.      To the extent this Complaint asserts any state law claims, this Court has supplemental jurisdiction over such claims pursuant to 28 U.S.C. §1367(a), as they form part of the same case or controversy as the federal claims alleged herein.

**ANSWER**: Defendants admit the allegations in paragraph 9.

10.      This Court has personal jurisdiction over ACCURATE HEATING & COOLING, LLC because it maintains its principal place of business in East Peoria, Illinois, which is in Tazwell County, Illinois, and therefore is subject to general jurisdiction in this District.

**ANSWER**: Defendants admit the allegations in paragraph 10.

11.      This Court has personal jurisdiction over BRANDON ANDREWS because it maintains its principal place of business in Washington, Illinois, which is in Tazwell County, Illinois, and therefore is subject to general jurisdiction in this District.

**ANSWER**: Defendants admit the allegations in paragraph 11.

## VENUE

12.      Venue for civil cases like the present case is proper in a federal district court where the breach took place, where a defendant resides or may be found, or where the employee benefit plan is administered. *See* §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

**ANSWER**: Defendants admit the allegations in paragraph 12.

13.      Venue is proper in this court because the principal place of business of ACCURATE HEATING & COOLING, LLC is in East Peoria, Illinois, which is in Tazwell County, Illinois, which is located within the venue of the District Court for the Central District of Illinois, Peoria Division.

3

**ANSWER**: Defendants admit the allegations in paragraph 13.

14.     Venue is proper in this court because BRANDON ANDREWS resides in Washington, Illinois, which is in Tazwell County, Illinois, which is located within the venue of the District Court for the Central District of Illinois, Peoria Division.

**ANSWER**: Defendants admit the allegations in paragraph 14.

### FACTUAL ALLEGATIONS

15.     Plaintiff receives contributions from multiple employers, and therefore, is a multiemployer plan. (*See* 29 U.S.C. §1002).

**ANSWER**: Defendants admit the allegations in paragraph 15.

16.     Plaintiff is administered pursuant to the terms and provisions of an agreement and declaration of trust, as amended and restated (the "Trust Agreement").

**ANSWER**: Defendants admit the allegations in paragraph 16.

17.     A copy of pertinent provisions of the Trust Agreement is attached hereto as Exhibit "A" and fully incorporated herein and made a part hereof by this reference.

**ANSWER**: Defendants admit the allegations in paragraph 17.

18.     Accurate Heating & Cooling is an "Employer" engaged in an industry within the meaning of 29 U.S.C. §§1002(5), (11), (12) and (14).

**ANSWER**: Defendants admit the allegations in paragraph 18.

19.     Accurate Heating & Cooling is a party to or otherwise bound by collective bargaining agreement titled "Agreement between Sheet Metal Workers' International Association Local Union No. 1 and Central Illinois Chapter of SMACNA, Inc. effective May 1, 2012 through April 30, 2017, each successor agreement including without limitation the agreement effective May 1, 2022 through April 30, 2027 (the "Collecting Bargaining

Agreement").

**ANSWER**: Defendants admit the allegations in paragraph 19.

20.    A copy of the Collective Bargaining Agreement effective May 1, 2012 through April 30, 2017 is attached hereto as Exhibit "B" and fully incorporated herein and made a part hereof by this reference.

**ANSWER**: Defendants admit the allegations in paragraph 20.

21.    A copy of the Collective Bargaining Agreement effective May 1, 2022 through April 30, 2027 is attached hereto as Exhibit "C" and fully incorporated herein and made a part hereof by this reference.

**ANSWER**: Defendants admit the allegations in paragraph 21.

22.    Accurate Heating & Cooling employs individuals who are members of, and represented by, Local Union No. 1 of the International Association of Sheet Metal, Air, Rail, and Transportation Workers ("Local Union No. 1").

**ANSWER**: Defendants admit the allegations in paragraph 22.

23.    Accurate Heating & Cooling employs individuals who are participants in the employee benefit plans administered by plaintiff pursuant to the Collective Bargaining Agreement.

**ANSWER**: Defendants admit the allegations in paragraph 23.

24.    Accurate Heating & Cooling is required under the Collective Bargaining Agreement and Trust Agreement to pay contributions to plaintiff for hours of work covered under the Collective Bargaining Agreement that are performed by its employees each month.

**ANSWER**: Defendants admit the allegations in paragraph 24.

25.    Pursuant §1145 of ERISA, Accurate Heating & Cooling is required to pay

fringe benefit contributions to the plaintiff in accordance with the terms and conditions of the Trust Agreement. *See* 29 U.S.C. §1145.

**ANSWER**: Defendants admit the allegations in paragraph 25.

26.     Accurate Heating & Cooling is required under the Collective Bargaining Agreement and Trust Agreement to prepare and submit completed contribution reporting forms to the plaintiffs each month which provide the information needed in order to accurately assess the contributions and other amounts due and payable by defendant to the plaintiffs ("Monthly Reports").

**ANSWER**: Defendants admit the allegations in paragraph 26.

27.     Accurate Heating & Cooling is required under the Collective Bargaining Agreement and Trust Agreement to prepare and submit completed monthly reports, along with the appropriate payments, to the plaintiffs on or before the 20th day of the calendar month following the month in which the contributions and other amounts accrued ("Monthly Reports").

**ANSWER:** Defendants admit the allegations in paragraph 27.

28.     If Accurate Heating & Cooling fails to remit the Monthly Reports with the appropriate payments by the 20th day of each month, then defendant is delinquent in reporting information and paying contributions to plaintiff.

**ANSWER**: Defendants admit the allegations in paragraph 28.

## COUNT I

### Failure to Remit Monthly Reports – Delinquent Contributions
**(Accurate Heating & Cooling)**

1-28.     Paragraphs 1 through 28 are re-asserted and re-alleged as and for paragraphs 1 through 28 of count I as if fully set forth herein.

**ANSWER**: Defendants restate their answers to plaintiff's paragraphs 1 through 28 as set forth herein.

29.     If Accurate Heating & Cooling fails to remit the Monthly Reports with the appropriate payments by the 20th day of each month, then defendant is delinquent in reporting information and paying contributions to plaintiff.

**ANSWER**: Defendants admit their allegations in paragraph 29.

30.     Accurate Heating & Cooling failed to timely remit Monthly Reports with appropriate contributions payments for the months of October and November of 2025.

**ANSWER**: Defendants admit the allegations in paragraph 30.

31.     Accurate Heating & Cooling owes plaintiffs contributions for hours of work performed by its employees for the months of October and November of 2025.

**ANSWER**: Defendants admit the allegations in paragraph 31.

32.     Accurate Heating & Cooling breached the provisions of the Collective Bargaining Agreement and Trust Agreement by failing to timely report information and paying contributions to plaintiff for work performed by its employees during the months of October and November of 2025.

**ANSWER**: Defendants admit the allegations in paragraph 32.

33.     Pursuant to the Trust Agreement, Accurate Heating & Cooling owes liquidated damages equal to 20% of the delinquent contributions attributable to work performed by its employees during the months of October and November of 2025.

**ANSWER**: Defendants admit the allegations in paragraph 33.

34.     Pursuant to the Trust Agreement, Accurate Heating & Cooling owes interest at a rate of eighteen percent (18%) per annum, which continues to accrue until paid, on

delinquent contributions attributable to work performed by its employees during the months of October and November of 2025.

**ANSWER**: Defendants admit the allegations in paragraph 34.

35.     Pursuant to Trust Agreement, Accurate Heating & Cooling is liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by the plaintiff in the collection of delinquent contributions.

**ANSWER**: Defendants admit the allegations in paragraph 35.

## COUNT II

### Liquidated Damages
### (Accurate Heating & Cooling)

1-28.     Paragraphs 1 through 28 are re-asserted and re-alleged as and for paragraphs 1 through 28 of count II as if fully set forth herein.

**ANSWER**: Defendants restate their answers to paragraphs 1 through 28 as its answers to paragraphs 1 through 28 of count II.

29.     Accurate Heating & Cooling failed to timely remit Monthly Reports with appropriate payments for the months of August and September of 2025.

**ANSWER**: Defendants admit the allegations in paragraph 29.

30.     Accurate Heating & Cooling breached the provisions of the Collective Bargaining Agreement and Trust Agreement by failing to timely report information and paying contributions to plaintiff for work performed by its employees during the months of August and September 2025.

**ANSWER**: Defendants admit the allegations in paragraph 30.

31.     Pursuant to the Trust Agreement, Accurate Heating & Cooling owes liquidated damages equal to 20% of the delinquent contributions attributable to work

performed by its employees during the months of August and September 2025.

**ANSWER**: Defendants admit the allegations in paragraph 31.

32.    Pursuant to the Trust Agreement, Accurate Heating & Cooling owes interest at a rate of eighteen percent (18%) per annum, which continues to accrue until paid, on delinquent contributions attributable to work performed by its employees during the months of August and September 2025.

**ANSWER**: Defendants admit the allegations in paragraph 32.

33.    Accurate Heating & Cooling owes a total of $7,274.76 for liquidated damages and interest assessed on delinquent contributions attributable to work performed by its employees during the months of August and September 2025.

**ANSWER**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.    A summary prepared by the plaintiff detaining the liquidated damages and interest assessed on delinquent contributions attributable to work performed by its employees during the months of August and September 2025, is attached hereto as Exhibit "D" and fully incorporated herein and made a part hereof by this reference.

**ANSWER**: Defendants admit the allegations in paragraph 34.

35.    Plaintiff has demanded that Accurate Heating & Cooling pay plaintiff the liquidated damages and interest assessed on delinquent contributions attributable to work performed by its employees during the months of August and September 2025, but Accurate Heating & Cooling has refused or otherwise failed to pay plaintiff such amounts.

**ANSWER**: Defendants admit the allegations in paragraph 35.

36.    Pursuant to Trust Agreement, Accurate Heating & Cooling is liable for

reasonable attorneys' fees, court costs and all other reasonable expenses incurred by the plaintiff in the collection of delinquent contributions.

**ANSWER**: Defendants admit the allegations in paragraph 36.

## COUNT III

### Delinquent Contributions – Breach of Promissory Note
**(Accurate Heating & Cooling and Brandon Andrews)**

1-28.    Paragraphs 1 through 28 are re-asserted and re-alleged as and for paragraphs 1 through 28 of count II as if fully set forth herein.

**ANSWER**: Defendants restate their answers to paragraphs 1 through 28 as its answers to paragraphs 1 through 28 of count III.

29.    Accurate Heating & Cooling and Brandon Andrews, individually, gave plaintiff a promissory note, as amended, in the principal amount of $89,320.97 (the "Promissory Note").

**ANSWER**: Defendants admit the allegations in paragraph 29.

30.    A true and accurate copy of the Promissory Note is attached hereto as Exhibit "E" and fully incorporated herein and made a part hereof by this reference.

**ANSWER**: Defendants admit the allegations in paragraph 30.

31.    The Promissory Note was not used in a consumer transaction.

**ANSWER**: Defendants admit the allegations in paragraph 31.

32.    Pursuant to the Promissory Note, Accurate Heating & Cooling and Brandon Andrews, individually, are jointly and severally obligated to pay plaintiff the principal sum of $89,320.97.

**ANSWER**: Defendants admit the allegations in paragraph 32.

33.    Pursuant to the Promissory Note, Accurate Heating & Cooling and Brandon

10

Andrews, individually, promised to pay the principal sum in installments and to pay interest at a rate of 9% per annum.

**ANSWER**: Defendants admit the allegations in paragraph 33.

34.     Pursuant to the Promissory Note, Accurate Heating & Cooling and Brandon Andrews, individually, were required to make monthly installment payments commencing with an initial payment due on or before February 1. 2023, and a final payment on or before January 1, 2026.

**ANSWER**: Defendants admit the allegations in paragraph 34.

35.     Accurate Heating & Cooling and Brandon Andrews, individually, have failed to make all installment payments required under the promissory note, including the payments that were due on or before July 1, 2025, August 1, 2025, September 1, 2025, October 1, 2025, November 1, 2025, December 1, 2025, and January 1, 2026.

**ANSWER**: Defendants admit the allegations in paragraph 35.

36.     The principal amounts due under the Promissory Note includes delinquent contributions owed by Accurate Heating & Cooling to the plaintiffs under the Collective Bargaining Agreement and Trust Agreement, and pursuant to applicable provisions of ERISA.

**ANSWER**: Defendants admit the allegations in paragraph 36.

37.     Accurate Heating & Cooling and Brandon Andrews, individually, breached the provisions of, and are in default under, the Promissory Note as a result of failing to make the installment payments required under the promissory note for the months of July, 2025 through January, 2026.

**ANSWER**: Defendants admit the allegations in paragraph 37.

11

38.    The plaintiff gave notice of default to Accurate Heating & Cooling and Brandon Andrews, individually, and declared the entire unpaid principal balance plus interest immediately due and payable without notice.

**ANSWER**: Defendants admit the allegations in paragraph 38.

39.    Accurate Heating & Cooling and Brandon Andrews, individually, owe the unpaid principal balance of $19,299.37 under the Promissory Note attributable to the installment payments for July 2025 through January 2026.

**ANSWER**: Defendants admit the allegations in paragraph 39.

40.    Accurate Heating & Cooling and Brandon Andrews, individually, owe $583.32 of interest under the Promissory Note attributable to the installment payments for July 2025 through January 2026, if such payments had been made timely.

**ANSWER**: Defendants admit the allegations in paragraph 40.

41.    Accurate Heating & Cooling and Brandon Andrews, individually, owe $944.52 of additional interest under the Promissory Note attributable to the installment payments for July 2025 through January 2026 from the original due date of such payments through April 22, 2026.

**ANSWER**: Defendants admit the allegations in paragraph 41.

42.    A summary prepared by the plaintiff detailing the additional interest due under the Promissory Note attributable to the installment payments for July 2025 through January 2026, from the original due date of such payments through the date of filing of this action, is attached hereto as Exhibit "F" and fully incorporated herein and made a part hereof by this reference.

**ANSWER**: Defendants admit the allegations in paragraph 42.

43.     Accurate Heating & Cooling and Brandon Andrews, individually, are entitled to a credit of $170.20 against interest owed under the Promissory Note attributable to a previous interest payment.

**ANSWER**: Defendants admit the allegations in paragraph 43.

44.     Pursuant to the Promissory Note, Accurate Heating & Cooling and Brandon Andrews, individually, are liable for reasonable attorneys' fees, court costs and all other reasonable expenses incurred by the plaintiff in the collection of amounts owed under the Promissory Note.

**ANSWER**: Defendants admit the allegations in paragraph 44.

Dated: July 15, 2026

Respectfully submitted,

ACCURATE HEATING & COOLING, LLC and   BRANDON ANDREWS

By:  /s/ Todd A. Miller
Attorney for Defendants

Todd A. Miller (ARDC #6216561)
**Allocco, Miller, & Cahill P.C.**
*Attorneys for Defendants*
20 North Wacker Drive, Suite 3517
Chicago, IL 60606
Telephone: (312) 675-4325
Fax: (312) 675-4326
tam@alloccomiller.com

13

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on today's date, **July 15, 2026**, he served a copy of **Defendant's Answer to Plaintiffs' Complaint** via CM/ECF to the Plaintiff's counsel at the email/address below:

John P. Leahy
Cavanagh & O'Hara LLP
Attorneys for Plaintiff
2319 W. Jefferson Street
Springfield, IL 62702
(217) 544-1771 – Telephone
(217) 544-9894 – Facsimile
johnleahy@cavanagh-ohara.com


/s/ Todd A. Miller
Attorney for Defendant
**Allocco, Miller, & Cahill P.C.**
20 North Wacker Drive, Suite 3517
Chicago, IL 60606
Telephone: (312) 675-4325
Fax: (312) 675-4326
tam@alloccomiller.com
State Bar no. 6216561